**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4607**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

QUINN AUSIDI GOFFIGAN,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:16-cr-00034-RAJ-LRL-1)

Submitted: May 18, 2017                 Decided: June 7, 2017

Before NIEMEYER, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Suzanne V. Katchmar, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant. Kevin Patrick Hudson, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quinn Ausidi Goffigan pled guilty, pursuant to a written plea agreement, to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and the district court sentenced Goffigan to a downward variance term of 240 months in prison. On appeal, Goffigan's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning the validity of Goffigan's guilty plea. Goffigan has not filed a pro se supplemental brief, despite being notified of his right to do so. The Government has moved to dismiss the appeal on the basis of Goffigan's waiver of the right to appeal his conviction.

"We review the validity of an appeal waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted). Goffigan challenges the waiver's validity insofar as he contests the validity of the plea itself. Even a valid appellate waiver does not foreclose a challenge to a plea's validity on the basis, as here, that it was not knowingly or voluntarily made. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005). Therefore, we deny the Government's motion to dismiss the appeal.

Because Goffigan did not move to withdraw his guilty plea, we review the Fed. R. Crim. P. 11 proceedings for plain error. *United States v. Davila*, 133 S. Ct. 2139, 2147 (2013); *see Henderson v. United States*, 133 S. Ct. 1121, 1126 (2013) (providing plain error standard). Our review of the record reveals that the district court substantially

2

complied with the requirements of Rule 11 in ensuring that Goffigan's guilty plea—and the waiver—are knowing, voluntary, and supported by a sufficient factual basis. Thus, we conclude that the plea was valid. *See United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991).

In accordance with *Anders*, we have reviewed the entire record in this case and find no meritorious ground for appeal outside the scope of the waiver. We therefore affirm the district court's judgment. This court requires that counsel inform Goffigan, in writing, of the right to petition the Supreme Court of the United States for further review. If Goffigan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Goffigan. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*